UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | | |
|---|---|---|
| **NICOLE MCCOY,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**AMG - SOUTHERN TENNESSEE, LLC**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No.:** |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, NICOLE MCCOY ("Plaintiff" or "McCoy") files their Complaint against the Defendant, AMG - SOUTHERN TENNESSEE, LLC ("Defendant" or "AMG"), and states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages, injunctive relief, and other equitable relief brought pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. (hereinafter "ADA") and the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq*. ("FMLA"), as applicable. Plaintiff alleges that Defendant engaged in unlawful employment practices based on disability, in violation of the aforementioned laws. These actions include, but are not limited to, discrimination, retaliation, failure to accommodate, and wrongful termination.

**JURISDICTION**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and

1343(a)(4) as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA and FMLA.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events, or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this district.

## **THE PARTIES**

4. Plaintiff, McCoy, is a citizen of the United States was at all times material a resident of this district.

5. Defendant, AMG, is a For-Profit Corporation that operates in this district.

6. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## **PROCEDURAL REQUIREMENTS**

7. Plaintiff has complied with all statutory prerequisites to filing this action.

8. On December 16, 2025, Plaintiff filed a timely claim with the Equal Employment Opportunity Commission ("EEOC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e5(b)and (e), based on disability discrimination and retaliation.

9. Plaintiff's EEOC charge was filed within one hundred eighty (180) days after the alleged unlawful employment practices occurred.

10. On August 19, 2026, the EEOC issued a Determination of Charge and Notice of Right to Sue.

11. This complaint was filed within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## **FACTUAL ALLEGATIONS**

12. Plaintiff, Nicole McCoy, was employed by Defendant, AMG Southern Tennessee: Highpoint Health ("AMG").

13. Plaintiff has longstanding vestibular migraines and was subsequently diagnosed with Meniere's disease.

14. Because of her medical conditions, Plaintiff applied for and was approved to use intermittent leave under the Family and Medical Leave Act ("FMLA") effective on or about March 6, 2025.

15. Plaintiff's approved intermittent FMLA leave permitted her to take up to two days of leave per week, as needed, as well as time away from work for medical appointments in accordance with her physician's recommendations.

16. Plaintiff coordinated her leave with Kayle Fogg, Practice Operations Manager, informed Ms. Fogg of her medical circumstances, and arranged the necessary documentation through Lincoln Financial.

17. After Plaintiff began exercising her FMLA rights, she alleges that Defendant's treatment of her materially changed.

18. On or about April 30, 2025, Defendant issued Plaintiff an attendance occurrence for an ADA-related absence that occurred in March 2025, prior to the approval of her FMLA leave.

19. Defendant also disciplined Plaintiff for leaving work on two occasions in April 2025 to take her husband to the emergency room.

20. On each occasion, Plaintiff sought and received permission from Ms. Fogg to leave work and returned later that same day to complete her shift.

21. Despite receiving prior approval and returning to complete her work, Defendant

issued Plaintiff a full write-up.

22. Plaintiff had not received any disciplinary write-ups before these incidents.

23. Plaintiff alleges that the timing and circumstances of the disciplinary actions demonstrate that they were pretextual and related to her exercise of protected rights.

24. During this period, Plaintiff was also subjected to increased scrutiny concerning her disability-related absences and medical appointments.

25. Despite Plaintiff providing notice of her medical appointments months in advance, Ms. Fogg repeatedly commented about Plaintiff "missing work" and being "behind."

26. Plaintiff alleges that these comments created pressure and discouraged her from exercising her approved FMLA leave.

27. As a result of that pressure, Plaintiff reported to work on occasions when her medical condition indicated that she should not do so.

28. On some of those occasions, Plaintiff's husband was required to drive her to work because Plaintiff was medically unable to drive herself.

29. In late August 2025, Plaintiff underwent an MRI and learned that she might require neurosurgery to correct vestibular loops in her brain.

30. Plaintiff informed Ms. Fogg of the potential need for neurosurgery and explained that she would be consulting with a specialist for further medical guidance.

31. On or about September 11, 2025, approximately one week after Plaintiff disclosed the possible need for surgery, Defendant issued Plaintiff another disciplinary write-up.

32. The September 2025 write-up accused Plaintiff of being "rude" and "delegating tasks to people when [she] should not have."

33. The write-up also alleged that Plaintiff committed a privacy violation by confirming to Dr. Timothy Andrews Crater that Ms. Fogg had disciplined another employee, Kristin Gilliam.

34. Plaintiff alleges that Dr. Crater had previously urged her to take action concerning the matter, but Plaintiff had refrained from doing so because she believed it exceeded the scope of her role.

35. Plaintiff alleges that the nature and timing of the September 2025 disciplinary action further demonstrate that Defendant's stated reasons for disciplining her were pretextual.

36. On November 5, 2025, Plaintiff called out from work using her recently renewed FMLA leave because of a flare-up of her medical condition.

37. Ms. Fogg did not acknowledge Plaintiff's November 5, 2025 message.

38. Plaintiff alleges that Ms. Fogg treated similarly situated non-disabled employees more favorably by routinely providing them supportive and courteous responses when they called out from work.

39. Plaintiff alleges that this disparate treatment further demonstrates a discriminatory motive related to her disabilities and use of protected medical leave.

40. On or about November 12, 2025, Plaintiff attended an important medical appointment and learned that she would not require brain surgery.

41. On November 13, 2025, one day after that medical appointment, Defendant terminated Plaintiff's employment.

42. Plaintiff alleges that the temporal proximity between her disability-related disclosures, use of FMLA leave, medical treatment, disciplinary actions, and termination demonstrates a causal connection between her protected activity and Defendant's adverse employment actions.

43. Plaintiff further alleges that Defendant subjected her to escalating discipline and disparate treatment only after she began exercising her rights to disability-related and FMLA-protected leave.

44. Plaintiff alleges that Defendant discriminated against her because of her disabilities and retaliated against her for engaging in protected activity associated with her medical conditions and use of protected leave.

45. Defendant's alleged conduct constitutes disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA").

**Count I: Disability Discrimination under the ADA**

46. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-45, above.

47. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

48. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

49. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

50. Plaintiff was able to perform the essential functions of their job at the time of their termination.

51. Defendant is prohibited under the ADA from discriminating against Plaintiff because of their disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

52. Defendant intentionally discriminated against Plaintiff and subjected Plaintiff to

disparate and discriminatory treatment throughout their employment based on their disability, thereby resulting in Plaintiff's unlawful termination.

53. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

54. Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

**Count II: Failure to Accommodate in Violation of the ADA**

55. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-45, above.

56. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA because Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

57. Plaintiff was able to perform the essential functions of their job at the time of their termination.

58. Defendant is prohibited under the ADA from discriminating against Plaintiff because of their disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

59. Defendant is required under the ADA to engage in the interactive process and

provide reasonable accommodations for Plaintiff's disability.

60. Defendant failed to reasonably accommodate Plaintiff or engage in the interactive process.

61. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

62. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling them to compensatory damages.

63. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling them to punitive damages.

**Count III: Retaliation in Violation of the ADA**

64. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-45, above.

65. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

66. At all times relevant to this action, Plaintiff was a qualified employee within a disability under the ADA.

67. Defendant intentionally retaliated against Plaintiff based on their request for reasonable accommodations and use of protected medical leave pursuant to their disability.

68. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and

other relief.

69. Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

**Count IV: Interference in Violation of the FMLA**

70. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-45, above.

71. Plaintiff was an employee eligible for protected leave under the FMLA.

72. Defendant is and was an employer as defined by the FMLA.

73. Plaintiff exercised or attempted to exercise their rights under the FMLA.

74. Defendant interfered with Plaintiff's lawful exercise of their FMLA rights.

75. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

76. Plaintiff was injured due to Defendant's willful violations of the FMLA and they are entitled to legal relief.

**Count V: Retaliation in Violation of the FMLA**

77. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-45, above.

78. Plaintiff was an employee eligible for protected leave under the FMLA.

79. Defendant is and was an employer as defined by the FMLA.

80. Plaintiff exercised or attempted to exercise their rights under the FMLA. Defendant retaliated against Plaintiff for exercising or attempting to exercise their FMLA rights.

81. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

82. Plaintiff was injured due to Defendant's willful violations of the FMLA and they are entitled to legal relief.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff their costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:
**/s/ Gary Martoccio**
Gary Martoccio, Esq.
Tennessee Bar No. 041652
**Martoccio Law Group**
2101 W. Platt St. Suite 200
Tampa, Florida 33606
T: (813) 725-3279
gary@martocciofirm.com
*Counsel for Plaintiff*